**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**JOHN D. SMITH**                      :
                                       :
        Petitioner,                    :   **CIVIL NO. 3:CV-06-2291**
                                       :
    vs.                                :   **(JUDGE VANASKIE)**
                                       :
**JOSEPH P. NISH, et al.,**            :
                                       :
        Respondents.                   :

# M E M O R A N D U M

John D. Smith, an inmate currently confined at the State Correctional Institution at Waymart, Pennsylvania, brought this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. He proceeds pro se and in forma pauperis.

Smith's petition challenges actions by the Pennsylvania Board of Probation and Parole ("Board") in failing to reparole him on three (3) occasions. He further appears to challenge the Board's subsequent grant of re-parole on September 26, 2006, on the basis that he must first meet conditions before he is actually released on parole.

Service of the petition was directed on November 30, 2006, and a response to the petition was filed on January 9, 2007. (Dkt. Entry 14.) A traverse has been filed by Smith. (Dkt. Entry 16.) The matter is ripe for consideration and, for the reasons that follow, the petition will be denied.

**I.      Background**

On November 21, 1994, Smith was sentenced to six (6) to fifteen (15) years imprisonment by the Luzerne County Court of Common Pleas, Pennsylvania, following a plea of guilty to third degree murder.  On December 13, 1999, he was released on parole by the Pennsylvania Board of Probation and Parole.  On August 30, 2001, the Board recommitted Smith as a technical parole violator.  Following his re-commitment, Smith was reviewed for and denied re-parole on three occasions – October 24, 2002, November 26, 2003, and December 9, 2004 (Dkt. Entry 14, Exs. D-F.)

Following the December 9, 2004 denial, Smith filed an appeal to the Pennsylvania Commonwealth Court, claiming that the Board violated his right to due process under the Fourteenth Amendment when "it stepped outside the criteria established in 61 P.S. § 331.19" by requiring him to write a statement of the offenses committed and failing to provide him with any guidance on how to do so.  He claims that because his written statements did not satisfy the Board, he was denied re-parole on all three occasions.

After his appeal was denied by the Commonwealth Court, Smith pursued the matter to the Pennsylvania Supreme Court. Counsel was appointed for Smith, and, according to Smith, a "hearing" date was scheduled.  Prior to the "hearing," Smith was again reviewed for parole.

On September 26, 2006, the Board decided to grant re-parole with conditions.  (Dkt. Entry 1, Pet., Ex. 1.)  One of the conditions of parole was successful completion of a Batterers'

2

Intervention program offered by the Pennsylvania Department of Corrections.

Because Smith had been granted parole, the Board filed a motion in the Pennsylvania Supreme Court to dismiss Smith's appeal as moot. By Order dated October 6, 2006, the Pennsylvania Supreme Court, with one Justice dissenting, granted the motion to dismiss. (Dkt. Entry 1, Pet., Ex. 3.)

It is undisputed that, while Smith has been granted re-parole, he has yet to be released from confinement because he has been unable to complete the Batterers' Intervention program. Smith challenges the Board's actions in granting him re-parole as a tactic to avoid Supreme Court scrutiny of his challenge to the denial of parole, while at the same time assuring his incarceration by imposing an arbitrary condition. He contends that because there is a waiting list to enter the required program and there is a six month program completion time, he realistically has not been granted parole.

## II.     Discussion

### A.     Denials of reparole[1]

Smith first challenges the Board's denial of parole following his re-commitment as a technical parole violator. Because the appropriate remedy for a successful habeas action challenging the Board's denial of parole is generally to remand the case for a new parole

---

[1] Respondent acknowledges that Smith exhausted available state court remedies with respect to the third denial of parole.

consideration, Smith's challenge to the denial of parole appears moot in light of the fact that the Board has now granted him parole. Even if the claim were not moot, it is without merit.

Smith asserts that the denial of parole abridged due process and equal protection rights afforded by the Fourteenth Amendment. As to the equal protection claim, Smith has made no showing that he has been treated differently than any other inmate in relation to consideration for parole. For example, he has presented no information to suggest that he or a class of persons to which he belongs is required to submit a written account of the offenses of conviction, while other parole applicants are not obliged to do so. Thus, there is no arguable basis for an equal protection claim.

Nor has Smith shown that the failure to parole him denied him a right protected by the Due Process Clause. In this regard, "there is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Additionally, while a state may create a liberty interest which is protected by the Due Process Clause, see Sandin v. Connor, 515 U.S. 472, 484 (1995), neither the Pennsylvania Probation and Parole Act, 61 Pa. Stat. 331.1, et seq., nor any other Pennsylvania law grants state prisoners any constitutionally-protected liberty interest in being released on parole prior to the expiration of their maximum terms.[2] See

---

[2] A prisoner's sentence is his maximum term. See Krantz v. Pennsylvania Bd. of Probation & Parole, 86 Pa. Commw. Ct. 38, 41, 483 A.2d 1044, 1047 (1984). The only "right"

Thorpe v. Grillo, 80 Fed. Appx. 215, 219 (3d Cir. 2003); Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996). Rather, parole is considered "a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence." See Rogers v. Pennsylvania Bd. of Probation and Parole, 724 A.2d 319, 322-23 (Pa. 1999). There simply is no constitutionally protected liberty interest in the expectation of being paroled . As such, the imposition of procedural requirements, such as having the parole applicant submit a written account of the offense of conviction, does not implicate procedural due process concerns.

A parole denial, however, can give rise to a substantive due process deprivation if it is based on constitutionally impermissible reasons. See Burkett, 89 F.3d at 139-40. Decisions to grant or deny parole may violate a prisoner's right to substantive due process if such decisions are based on arbitrary and capricious factors, such as "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Id. citing Block v. Potter, 631 F.2d 233, 235 (3d Cir. 1980). Such is not the case here.

The Notice of Board decision dated November 4, 2004, denying reparole for the third

---

that can arguably be asserted is to apply and be considered for parole by the Board after service of a prisoner's minimum term. Id.

time, cited the following as the reasons for the Board's decision:

> Your version of the nature and circumstances of the offense(s) committed.
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> The recommendation made by the prosecuting attorney.
>
> Reports, evaluations and assessments concerning your physical, mental and behavior condition and history.
>
> Your interview with the Hearing Examiner and/or Board member.

(Dkt. Entry 1, Pet., Ex. 6.)

Federal courts "are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001). In the instant case, each of the reasons set forth by the Board for denying reparole were permissible considerations. In deciding whether to grant parole, the Board is required to consider the protection of the safety of the public and in so doing, consider the nature and character of the offense committed, the general character and history of the inmate, as well as their written or personal statement, any testimony by the victim, and recommendations of the trial judge, district attorney and any warden or superintendent who has control over the inmate. Each reason provided by the Board falls within the realm of not only permissible, but required factors

6

to be considered. The Board set forth the reasons supporting its denial and it cannot be said that they are arbitrary.

While Smith challenges the Board's requirement that he submit a written version of the offenses committed, such a requirement is well within the Board's discretion.  There are no allegations and the record is devoid of any evidence suggesting that the Board's decision was based upon any constitutionally impermissible reason.

Nor would there be any merit to a claim that submission of such a statement violates the Fifth Amendment privilege against self-incrimination.  As previously set forth, Smith has no right to parole.  Whether he successfully completes an inmate version of offense statement that may require him to take responsibility for his actions is only one factor to be considered by the Board in whether or not to grant parole.  There is a strong correlation between acceptance of responsibility and rehabilitation, and a State has a compelling interest in rehabilitation. McKune v. Lile, 536 U.S. 24, 47-48 (2002).  Further, the failure to submit a statement did not disqualify Smith for parole.  It may have diminished the likelihood of being paroled, but "there is an appreciable difference between an official sanction for disobeying a direct order and a mere risk of adverse consequences stemming from a voluntary choice."  See McKune, 536 U.S. at 61(Stevens, J., dissenting); see also Burkholder v. Wolfe, No. 3:CV-03-0007, 2007 WL 90427, at *3-6 (M.D. Pa. Jan. 9, 2007)(Vanaskie, J.).  Another reason for rejecting any Fifth Amendment challenge would be that the Court has held that "mere coercion does not violate

7

the text of the Self-Incrimination Clause absent use of the compelled statements in a criminal case against the witness," Chavez v. Martinez, 538 U.S. 760, 769 (2003), and there has been no use of any statement in any criminal case.  Burkholder, 2007 WL 90427, at *6

### B. Grant of Parole with Conditions

Smith also challenges the Board's "grant" of parole made contingent to his completion of a Batterers' Intervention Group.[3]  He contends that because he remains on a waiting list to participate in the program, and that it takes six (6) months to complete the program, it cannot be said that the Board has granted him parole since he has not been released and has no idea when he will be released.  It is Petitioner's belief that the Board only granted parole on paper to avoid the hearing which was to take place in his appeal before the Pennsylvania Supreme Court.

As set forth above, Petitioner has no right to be paroled in the first place.  In this case, the Board has granted parole after making a finding that it is in the best interests of both Petitioner and the Commonwealth.  The decision was based on numerous factors, including the following: Petitioner's acceptance of responsibility; his participation in institutional programs; and his institutional behavior.  (Dkt. Entry 1 at Ex. A.)  Other factors deemed pertinent to the

---

[3] The Third Circuit has held that "claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion."  DeFoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005).

Board's determination that Petitioner should be paroled was the decision to make the parole contingent upon successful completion of a Batterers' Intervention Group.  (Id., Ex. A at 2.)

As noted above, Federal courts "are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."  Coady v. Vaughn, 251 F.3d at 487.  A substantive violation will be found where the Parole Board grounds its actions on "constitutionally impermissible reasons."  Burkett at 139-140.   In the instant case, the Board has granted parole, but it is subject to Petitioner's completion of the specified additional program.  In light of Petitioner's conviction of third degree murder, this is a rational condition for the grant of parole.  "[T]he Board's decision that Petitioner may require continued participation in a prescriptive program does not constitute an arbitrary or capricious decision."  Banks v. Pennsylvania Bd. of Probation and Parole, No. Civ.A. 03-6676, 2004 WL 906296, at *4 (E.D. Pa. April 28, 2004).  For all of the foregoing reasons, the petition will be denied.  An appropriate Order follows.

                                                 **s/ Thomas I. Vanaskie**
                                                 Thomas I. Vanaskie
                                                 United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN D. SMITH,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-06-2291 |
| | : | |
| vs. | : | (JUDGE VANASKIE) |
| | : | |
| **JOSEPH P. NISH,** | : | |
| | : | |
| Respondent. | : | |

## O R D E R

**NOW, THIS 24th DAY OF MAY, 2007,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DENIED**.

2. The Clerk of Court is directed to mark this matter **CLOSED**.

3. There is no basis for the issuance of a certificate of appealability in this matter.

                                         **s/ Thomas I. Vanaskie**
                                         Thomas I. Vanaskie
                                         United States District Judge